Stanley H. Saurs and Bernice R. Saurs v. Commissioner.
Saurs v. Commissioner
Docket No. 41859.
United States Tax Court
T.C. Memo 1954-149; 1954 Tax Ct. Memo LEXIS 98; 13 T.C.M. (CCH) 863; T.C.M. (RIA) 54255; September 10, 1954, Filed *98 Petitioners contributed not more than $784.35 each year, in 1948 and 1949, in support of petitioner Stanley H. Saurs' two children who resided with their mother, Mildred Saurs. Mildred earned approximately $1,950 each year. Held, petitioners failed to prove that the amount contributed to the support of the children was more than one-half of the total amount spent for their support in each year. Louis Eugene Leiter, Esq., for the petitioners. Robert R. Veach, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves income tax deficiencies of $201.20 for 1948 and $199.18 for 1949 determined against Stanley H. Saurs (hereinafter referred to as the petitioner) and his wife, Bernice *99 R. Saurs. The sole issue is whether petitioners are entitled to dependency credits in 1948 and 1949 for the two children of Stanley H. Saurs by a former marriage. Findings of Fact Petitioners are husband and wife and, in 1948 and 1949, resided in Creve Coeur and Peoria, Illinois, respectively. They filed joint income tax returns for both years with the collector of internal revenue for the eighth district of Illinois. On such returns petitioner claimed dependency credits for his two daughters by a former marriage - Sharon and Linda Saurs. The children resided with their mother, Mildred Saurs (hereinafter referred to as Mildred) in Farmington, Illinois. Pursuant to a court decree, petitioner contributed $10 each week to the support of his children during both years here in issue. He also gave them toys, purchased some of their clothing, and provided entertainment for them. Sharon visited her father for 2 weeks in the summer of 1948 and for a week at Christmas-time. She also visited him every other week-end during the year. She spent approximately the same amount of time with him in 1949. Petitioners were not entitled to dependency credits in 1948 and 1949 for Sharon and Linda *100 Saurs. Opinion RICE, Judge: Section 25(b) of the Internal Revenue Code of 1939 permits a taxpayer a dependency credit when he has contributed more than one-half of the support of a qualified dependent. This is a question of fact, and the petitioners have failed to produce sufficient evidence to substantiate the credits claimed. In addition to the sum of $520 which petitioner contributed each year, pursuant to a court decree, to the support of his two children, he estimated that other expenditures in their behalf would total $264.35, making an aggregate spent each year of $784.35. Wheither this sum is in fact more than one-half of the total amount spent for their support depends, of course, on the total amount expended by their mother. Petitioners took a deposition from Mildred on August 19, 1953. She testified at that time that her earnings, during 1948 and 1949, were approximately $1,950 each year. She and the two children lived with her sister and her family. Mildred's testimony as to the total amount spent in support of the children was vague - not, we believe, because she puropsely wished to conceal facts, but because she had kept no itemized records of amounts which she *101 had spent. She had made a list from memory of many estimated expenditures in 1948, which totaled $1,153. Yet, she testified that three-fourths of her earnings had been spent for the children's support. She further testified that she neither borrowed nor saved any money in either year, nor did she purchase any real estate, other property, or make any big expenditures of any kind during either year. She also testified that her sister and brother-in-law bought clothes for the children and made other expenditures in their behalf. On the basis of this record, it is impossible for us to make any accurate finding as to the total amount which Mildred spent in support of Sharon and Linda. The question, however, of her right to the dependency credits is not before us. And, while we appreciate the difficult burden placed on the petitioner here, we are of the opinion that he has not succeeded in showing that the amount of $784.35, which he alleges was spent by him each year, was, in fact, more than one-half of the amount spent in support of the children, as required by the Code. Decision will be entered for the respondent.